## Fred Boester, Sr., v. William Kuhlengel.

1. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless it is clearly and manifestly against the weight of the evidence.

2. HIGHWAY COMMISSIONERS—*when not liable for damages to adjoining landowners.* The highway commissioners of a township have a right to grade and improve the highway or road by grading the same; and if they do so in a reasonably careful and safe manner they are not liable to the owners of adjoining lands for damages for such grading, within the highway.

Action commenced before justice of the peace. Appeal from the Circuit Court of Washington County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

J. A. WATTS and PAUL CARTER, for appellant.

VERNOR & VERNOR, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant brought suit against appellee before a justice of the peace of Washington county, to recover damages for a trespass alleged to have been committed by appellee upon premises owned by appellant, while appellee, as road overseer, was engaged in working the highway along said premises. The case was appealed to the Circuit Court, where a jury found appellee not guilty, and judgment was entered against appellant for costs.

The only questions raised by appellant are as to the sufficiency of the evidence to sustain the verdict and the accuracy of the second instruction given for appellee.

The proof showed that the road at the point in question was not fenced and ran between two tracts of land belonging to appellant; that it was acquired by user or prescription and was of irregular width. There were no certain marks to designate the boundary of the road and its actual width was difficult of determination.

Appellant claimed that appellee, who as road overseer was

working the road with a road grader, drawn by eight horses, went beyond the line of the road some two or three feet upon appellant's land, over a portion of his premises, and made a ditch along the same a foot and a half deep. There was no dispute that appellee did the grading charged and the only question submitted to the jury was whether in doing so, he went beyond the limits of the highway and upon appellant's land. This was a contested question and a number of witnesses were introduced by the respective parties to sustain their claims.

It was the province of the jury to determine the question of fact and we find no reason for disturbing their verdict.

The second instruction given for appellee, told the jury that "the highway commissioners of a township, have a right to grade and improve the highway or road by grading the same; and if they do so in a reasonably careful and safe manner, they are not liable to the owners of adjoining lands for damages for such grading, within the highway." Appellant challenges the correctness of this instruction upon the ground it assumes that the work done by appellee at the time in question was within the confines or boundaries of the road. The instruction was general in its terms and stated a correct principle of law. It only told the jury in effect what rights the highway commissioners had to grade and improve the highways while working within the limits of the same, and the other of the two instructions given for appellee, fairly submitted to the jury the question whether appellee was in fact working his grader outside of the limits of the road. There was nothing in the instruction complained of to mislead the jury into believing that the court was expressing an opinion that the grading done by appellee was confined to the limits of the highway.

The judgment of the court below will be affirmed.

*Affirmed.*